IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIO CHIRIBOGA, | § | C.A. NO. 4:16-CV-_____ |
| JERRY HARVELL, and | § | |
| ALL OTHERS SIMILARLY SITUATED | § | |
|   Plaintiffs; | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| GSSD INVESTMENTS, LLC, and | § | |
| SCOTT ALAN DARNELL | § | |
|   Defendants. | § | JURY TRIAL DEMANDED |

PLAINTIFFS' ORIGINAL COMPLAINT
COLLECTIVE ACTION REQUESTED

Plaintiffs Patricio Chiriboga and Jerry Harvell file their Original Complaint on behalf of themselves and all others similarly situated against GSSD Investments d/b/a Driver's Auto Repair ("Driver's") and Scott Alan Darnell ("Darnell") (collectively "Defendants") and for cause of action would respectfully show that:

I.
PARTIES

1.    Patricio Chiriboga ("Chiriboga") is an individual who resides at 1500 Witte Rd., Apt. 14, Houston, TX 77080.

2.    Jerry Harvell ("Harvell") is an individual who resides at 23123 Crossbend Dr., Katy, TX 77494.

3.    Plaintiffs were employed at various Driver's stores at all time within the Southern District of Texas Houston Division.

4.    Defendant, GSSD Investments, LLC is a Texas limited liability company whose address of record is 10326 Lake Rd., Suite 101, Houston, TX 77070.  It may be served with

Citation by serving its Registered Agent for Service of Process, Scott Alan Darnell, at 3802 Louetta Rd., Spring, TX 77388 or wherever Mr. Darnell may be found.

5. Individual Defendant Scott Darnell is listed as a managing member of GSSD Investments, LLC. He may be served at 3802 Louetta Road, Spring, TX 77388 or wherever he may be found.

6. Upon information and belief Darnell exercises daily operational control of the company.

7. Upon information and belief Darnell hires and fires managers of the company.

8. Upon information and belief Darnell has the authority to hire and fire managers of the company.

9. Upon information and belief Darnell is in charge of payroll policies.

10. Upon information and belief Darnell has possession, custody or control of payroll and employment records of the company.

## II.
## JURISDICTION AND VENUE

11. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1131 (federal question jurisdiction) and 29 U.S.C. 216(b) FLSA jurisdiction, the Family Medical Leave Act, and supplemental jurisdiction.

12. Venue is proper in the Southern District of Texas Houston Division, because Defendants' violations of the FLSA took place and continue to take place in this District.

## III.
## VIOLATIONS OF THE FLSA

**FLSA Enterprise and Individual Coverage:**

13. Driver's generates more than $500,000 in gross revenue yearly and is thus subject to the FLSA as a covered enterprise.

14. The company employs approximately 75 employees across the Houston area at six locations. The payroll obligations to their employees are estimated to be over one million dollars per year.

### *Patricio Chiriboga*

15. Plaintiff, Patricio Chiriboga ("Chiriboga") is a former employee who Defendants employed from approximately January 2014 to March 2016.

16. Plaintiff Chiriboga worked as a lube technician.

17. During an approximately 4 month period of his employment at the Mason Road store, Chiriboga was required to clock out when there were no customers present, but stay at the store to wait for customers.

18. During his employment, Chiriboga was required not to clock in until opening of the store when he arrived, though he worked before the store opened.

19. During his employment, Chiriboga was required to clock out when the store closed to customers, but was required to work after he clocked out.

20. During his employment, Chiriboga was automatically deducted for "lunch breaks" of 30 minutes. He rarely left the premises or was continuously off-duty during his "lunch breaks."

21. Chiriboga's lunch period was compensable because it rarely exceeded 30 minutes.

22. Furthermore, Chiriboga could be called to duty during his "lunch break" and did not have a true uninterrupted meal period as required by the FLSA.

### Jerry Harvell

23. Plaintiff Jerry Harvell was employed by Defendants from 2013 to 2015.

24. For a brief period of three months, Harvell was an exempt manager of Driver's.

25. During that time period, Harvell witnessed that the timekeeping system automatically deducted for "lunch breaks."

26. Harvell was approached by employees about not being paid for lunches they worked through and attempted to correct the time clock.

27. Harvell was told by a Regional Manager to no longer correct the time records when the auto-deductions resulted in incorrect data.

28. Harvell witnessed that the auto-deduction of "lunch breaks" occurred at every store he worked at.

29. When he was paid hourly, Harvell was required to tend to the front desk and answer the phone during his "lunch break."

30. He was not paid despite the fact that his "lunch break" was rarely a period over 30 minutes.

31. Harvell's "lunch break" was also rarely uninterrupted.

32. Harvell is not claiming any overtime compensation for the time period where he was paid a salary.

**Collective Action Certification:**

33. Plaintiffs seek certification of a class of all hourly employees who were subject to automatic deductions of lunch breaks on Driver's time clock system.

**Defendant's Overtime Violations:**

34. Because Plaintiffs (and others similarly situated) were non-exempt employees, Defendants are and were required to pay them (and others similarly situated) time and one-half for each hour worked in excess of forty per workweek. Rather than follow these simple FLSA requirements, Defendants chose not to pay overtime for hours worked over forty.

35. Specifically, Defendants chose to willfully dock lunch breaks.

36. Upon information and belief, Defendants were investigated by the DOL or another agency for its lunch break practices.

37. After the investigation, it set its time clock to automatically deduct for lunch breaks.

38. During the past three years, Defendants employed one or more of Plaintiffs in its enterprise and repeatedly and willfully violated the FLSA by employing Plaintiffs for workweeks longer than 40 hours, without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed, contrary to the requirements of Section 7 of the FLSA (29 U.S.C. § 207). These violations are ongoing.

39. Defendants are aware of the overtime laws, but have decided to shave time off of timesheets and not pay overtime in a willful attempt to avoid the mandates of the Fair Labor Standards Act.

**Back Wages, Liquidated Damages, Attorneys' Fees and Costs:**

40. As a result of the underpayment of wages alleged above, Defendants are indebted to Plaintiffs in the amount of the unpaid overtime compensation and straight time compensation for lunch hours and other time that was not paid.

41. Plaintiffs are further entitled to recover an additional equal amount as liquidated damages (29 U.S.C. § 216(c)) and attorneys' fees and costs (29 U.S.C. § 216).

42. The written Consent form of Jerry Harvell is attached as **Exhibit 1**.

43. The written Consent form of Patricio Chiriboga is attached as **Exhibit 2**.

## IV.
## BREACH OF CONTRACT STRAIGHT TIME CLAIMS

44. Plaintiffs claim damages under Texas law for breach of contract for the employer's failure to pay them straight-time wages for each hour worked.

45. Plaintiffs entered into a valid contract to be paid wages hourly for each hour worked.

46. Defendants breached the contracts with Plaintiffs by not paying Plaintiffs wages in accordance with the terms of the contract for hours that they worked.

## V.
## FMLA CLAIM OF PATRICIO CHIRIBOGA

47. Driver's has more than 50 employees.

48. All of Driver's employees work within 75 miles of the locations where Chiriboga worked.

49. Chiriboga had to take time off of work due to a work-place injury.

50. The injury was a serious health condition requiring three days or more of absence.

51. Chiriboga's condition required continued treatment by his physician.

52. Chiriboga repeatedly requested to use his vacation days during that time period, but was not granted the use of his vacation days.

53. Chiriboga was later fired and not given compensation for his vacation days on his final pay check.

54. Driver's interfered with Chiriboga's FMLA rights and/or retaliated against him by not granting him use of his vacation time during his FMLA leave and firing him.

55. Chiriboga is entitled to liquidated damages under the FMLA for his lost vacation pay and lost back wages.

## VI.
## LABOR CODE CHAPTER 451.001- WORKER'S COMP RETALIATION

56. Chiriboga was terminated during his FMLA leave after reporting his on-the-job injury to Driver's workers' comp insurer.

57. Chiriboga was directly told that he was fired for causing his injury to be investigated by the worker's compensation insurer.

58. Chiriboga had his phone on speaker when he was told reporting worker's comp was the cause of his termination. His wife overheard a manager say that he was terminated for this reason.

## VII.
## JURY DEMAND

59. Plaintiffs demand a trial by jury and are paying the appropriate jury fee contemporaneously with the filing of this Complaint.

## VIII.
## PRAYER

60. WHEREFORE, Plaintiffs respectfully request that the Court certify this suit as a collective action under the FLSA on behalf of all those similarly situated to Plaintiffs, and demand Judgment against Defendants, and each of them, under the FLSA in the amounts of unpaid regular and overtime compensation due Plaintiffs, additional equal amounts as liquidated damages, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees and costs of court. Plaintiffs also respectfully request that the Court award damages, pre-judgment

interest, post-judgment interest and reasonable attorneys' fees under Texas law for any unpaid straight time wages that are not covered under the FLSA due to the FLSA's statute of limitations or because Plaintiffs did not work overtime during a given workweek.

Wherefore, Plaintiff Chiriboga respectfully demands Judgment against Defendants, and each of them, under the FMLA and Texas Labor Code § 451.001 in the amounts of lost back pay, lost vacation pay, lost benefits, liquidated damages, non-pecuniary damages, and punitive damages.

Respectfully submitted,

*Hessam Parzivand*
**Hessam Parzivand**
TBA # 24071157
Southern District # 1129776

**THE PARZIVAND LAW FIRM, PLLC**
10701 Corporate Dr.
Suite 185
Stafford, Texas 77477
T: [713] 533-8171
F: [713] 533-8193
hp@parzfirm.com

**ATTORNEY FOR PLAINTIFFS,
PATRICIO CHIRIBOGA, JERRY HARVELL
AND OTHERS SIMILARLY SITUATED**